IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA L. SCHRIER TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POST OFFICE,<br><br>Defendant. | NO. 8:23-CV-309<br><br>MEMORANDUM AND ORDER ON DEFENDANT UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS |

Plaintiff Patricia L. Schrier Trust has sued defendant United States Postal Service[1] (USPS) for an alleged breach of a lease agreement. USPS removed this case from the Small Claims Court of Johnson County, Nebraska, to this Court. Filing 1. USPS now seeks to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1) without prejudice. Filing 7. For the reasons stated herein, the Court grants USPS's Motion to Dismiss.

## I. INTRODUCTION

### A. Factual Background

Because this is a "factual" challenge to the Court's subject matter jurisdiction under Rule 12(b)(1), the Court "may consider matters outside the pleadings," *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990), without "evaluat[ing] the evidence under a summary judgment standard." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). Plaintiff is not entitled to

---

[1] Plaintiff wrongly refers to USPS as "United States Post Office." Filing 1 at 4.

1

12(b)(6) protections. *Osborn*, 918 F.2d at 729 n.6. Unless otherwise stated, these facts are drawn from the Declaration of Michael Caison, a Contracting Officer with USPS, and from the lease agreement between USPS and Plaintiff. Filing 8-1. This is especially appropriate because Plaintiff has not submitted anything in opposition to USPS's Motion to Dismiss and because Plaintiff's small claims court complaint does not contain detailed factual allegations. The court only recites facts relevant to the Court's subject matter jurisdiction over this claim.

USPS leased part of a building in Sterling, NE, from Plaintiff between the mid-1960s and August 19, 2019, when USPS suspended postal operations "because the leased premises became untenantable and unsafe to occupy due to, among other conditions, extensive water damage and mold growth requiring remediation." Filing 8-1 at 1–2 (¶¶ 2, 7). The lease by its terms is "subject to the Contract Disputes Act of 1978 [(CDA)]" and requires that "all disputes arising under or relating to this contract must be resolved under" the CDA. Filing 8-1 at 1, 11 (¶ 4). A search of USPS's files by Mr. Caison revealed that Plaintiff has not filed an administrative contract claim related to the USPS's lease. Filing 8-1 at 2 (¶ 6). Plaintiff alleges that USPS "owe(s) and should be ordered to pay [Plaintiff] the sum of $2,750 and costs of this action, or return the property [the part of the building leased by USPS] valued at $30,083.00 and costs of this action because on November 1, 2022 at 155 Broadway St[,] Sterling, NE 68443 the tenant (defendant) stopped paying rent. [USPS's] effects are still in the building and no effort has been made to continue or relinquish their lease." Filing 1 at 4.

### B. Procedural Background

On June 12, 2023, Plaintiff filed a complaint in Small Claims Court of Johnson County, Nebraska. Filing 1 at 4. On July 19, 2023, USPS filed a Notice of Removal with this Court. Filing 1. On September 8, 2023, USPS filed a Motion to Dismiss for lack of subject matter jurisdiction

2

under Rule 12(b)(1) and a Declaration of Michael Caison, a USPS employee. Filing 7; Filing 8. Plaintiff has not opposed this Motion.

## II. ANALYSIS

### A. Applicable Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Eighth Circuit Court of Appeals has explained that on a Rule 12(b)(1) motion,

> The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and we may look at materials "outside the pleadings" in conducting our review. [*Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)] (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted), it is the court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id.* at 730. As such, if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards. *Id.* at 729. Rather, the court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id.* at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)). Ultimately, the court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id.* (quoting *Crawford*, 796 F.2d at 928).

*Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) ("[A] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to the court's jurisdiction, and courts may look to evidence outside the pleadings and make factual findings." (citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018)).

The *Buckler* decision suggests that a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) is always "factual," but "facial" challenges are also possible:

> In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990). In a factual attack, the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* If the jurisdictional issue is "bound up" with the merits of the case, the district court may "decide whether to evaluate the evidence under the summary judgment standard." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir.2018). This court is bound by the district court's characterization of the Rule 12(b)(1) motion. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir.2016) ("The method in which the district court resolves a Rule 12(b)(1) motion—that is, whether the district court treats the motion as a facial attack or a factual attack—obliges us to follow the same approach.").

*Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018).

In this case, Defendant acknowledges that a Rule 12(b)(1) challenge to subject matter jurisdiction may be either facial or factual. Filing 9 at 4. Defendant designates its challenge to subject matter jurisdiction as "factual." Filing 9 at 4. Under these circumstances, Plaintiffs are not entitled to Rule 12(b)(6) "safeguards," *Croyle*, 908 F.3d at 380, and although the Court's "inquiry extends beyond the pleadings," "it is not necessary to apply Rule 56 summary judgment standards." *Osborn*, 918 F.2d at 729–30.

### B. The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claim and Transfer Would Be Futile

USPS contends that "exclusive jurisdiction lies with either the Postal Service Board of Contract Appeals or the Court of Federal Claims, and only in those forums after Plaintiff has submitted a written claim to the appropriate Postal Service contracting officer and received the contracting officer's final decision on that claim." Filing 9 at 5.

As discussed above, the lease between USPS and Plaintiff states that it is "subject to the Contract Disputes Act of 1978" and requires that "all disputes arising under or relating to this contract must be resolved under" the CDA. Filing 8-1 at 2, 11 (¶ 4). In addition, independent of the lease's terms, the Court concludes that the lease is covered by the CDA under federal law. *See Lee's*

4

*Ford Dock, Inc. v. Sec'y of the Army*, 865 F.3d 1361, 1366 (Fed. Cir. 2017) (determining that a lease was "a CDA contract" under 41 U.S.C. § 7102(a)(4) because "leasehold interests are items of personal property"). The Eighth Circuit has noted that "under the Contract Disputes Act (CDA) recovery against the United States on an implied contract for services can only be sought before an agency board or in the Court of Federal Claims." *Goodin v. U.S. Postal Inspection Serv.*, 444 F.3d 998, 1000 (8th Cir. 2006). "Federal district courts are divested of jurisdiction over claims 'founded upon any express or implied contract with the United States' that fall within the CDA." *Id.* at 1000–01. Because the lease between USPS and Plaintiff falls within the CDA, the Court does not have subject matter jurisdiction. Therefore, Plaintiff's claim is dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. Plaintiff Has Not Exhausted Its Administrative Remedies

Although Plaintiff has not requested the Court to transfer this case, USPS requests that this Court decline to transfer the case to the Court of Federal Claims because Plaintiff has not yet submitted a claim with a USPS contracting officer. Filing 9 at 7. The statute makes clear that the Court of Federal Claims only hears cases under the CDA after claims are decided by a USPS contracting officer. *See* 41 U.S.C. § 7103(a) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."); 41 U.S.C. § 7104(b)(1) ("[I]n lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims."). As discussed above, Plaintiff has not controverted the Declaration of Michael Caison stating that there is no evidence that Plaintiff submitted a claim to a contracting officer pursuant to 41 U.S.C. § 7103(a). Filing 8-1 at 2 (¶ 6). Thus, the Court concludes that it would

5

not be "in the interest of justice [to] transfer such action or appeal to any other such court." 28 U.S.C. § 1631. Therefore, the Court declines to transfer Plaintiff's claim.

### III. CONCLUSION

For these reasons, the Court grants USPS's Motion to Dismiss, Filing 7, without prejudice. Accordingly,

IT IS ORDERED that Defendant USPS's Motion to Dismiss, Filing 7, is granted without prejudice.

Dated this 26th day of October, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge